**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALDO SAENZ, #37053-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-4365-N-BK |
| | § | (3:06-CR-192-N-28) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. §

2255.  For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to money laundering and conspiracy to possess with intent to

distribute a controlled substance, and was sentenced to 262 months' imprisonment and a five-

year term of supervised release.  *United States v. Saenz*, 3:06-CR-0192-N-28 (N.D. Tex. Oct. 1,

2008), *aff'd*, No. 08-10990 (5th Cir. Jan. 4, 2010).  On October 30, 2012, Petitioner filed his

section 2255 motion, asserting double jeopardy violations, illegal search and seizure, ineffective

assistance of counsel, prosecutorial misconduct, and involuntary guilty plea.   (Doc. 2 at 7-10).

The Court did not order a response.  *See* Rule 4 of the Rules Governing Section 2255

Proceedings.

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. §

2255.  *See* 28 U.S.C. § 2255(f).  The Court advised Petitioner of the one-year statute of

limitations and granted him an opportunity to explain why his section 2255 motion is not barred

by limitations or why the limitations period should be tolled on equitable grounds.  *See Kiser v.*

*Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (court may raise the affirmative defense of the

statute of limitations *sua sponte* in habeas cases).  Petitioner did not respond.  Although he twice

sought reconsideration and appointment of counsel, the Court denied his motions because he is

not entitled to appointment of counsel in a collateral proceeding under section 2255.  (Doc. 7, 9).

Subsequently, Petitioner filed a notice of interlocutory appeal, which remains pending

with the United States Court of Appeals for the Fifth Circuit.  (Doc. 7, 9, 11).  This Court,

however, is not deprived of jurisdiction over the case.  Because the interlocutory appeal is from a

non-appealable order, it does not deprive the District Court of jurisdiction.  *See United States v.*

*Green,* 882 F.2d 999, 1001 (5th Cir. 1989) (Notice of appeal from non-appealable order . . . does

not render void for lack of jurisdiction acts of trial court taken in the interval between filing of

the notice and dismissal of the appeal.").  Thus, the undersigned proceeds to address whether the

section 2255 motion should be dismissed as time barred.

The one-year limitations period is calculated from "the date on which the judgment of

conviction becomes final," and "the date on which the impediment to making a motion created

by governmental action in violation of the constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action."  *See* 28 U.S.C. §

2255(f)(1)-(2).  Sections 2255(f)(3)-(4) are inapplicable here.[1]

---

[1] Petitioner does not base his claims for relief on any new constitutional right under section
2255(f)(3).  In addition, with regard to section 2255(f)(4), the Court determines that the facts
supporting his grounds became or could have become known prior to the date on which his
conviction became final.

Petitioner's conviction became final on Monday April 5, 2010, the last day on which he could have filed a petition for writ of certiorari from the decision affirming his conviction.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); SUP. CT. R. 13(1) (providing that a petition for writ of certiorari is timely if filed within 90 days after entry of the judgment).   Under section 2255(f)(1), Petitioner had one year, or until April 4, 2011, to file a timely section 2255 motion. Petitioner's section 2255 motion, deemed filed as of October 25, 2012, is clearly time barred under section 2255(f)(1). [2]

In his sixth ground, Petitioner alleges that various impediments obstructed the filing of his section 2255 motion.  Specifically, he states:

> OBSTRUCTIONS TO § 2255 MOTION DUE TO COURT APPOINTED
> COUNSEL ABANDONMENT OF HIS CLIENT AND THE CRIMINAL CASE,
> FAILURE TO PROVIDE NOTICE OF TIMETABLES FOR HABEAS CORPUS
> POST-CONVICTION PROCESS, THE DOJ/BOP'S FAILURE TO PROVIDE
> NOTICE INSIDE FEDERAL PRISON, THEIR FAILURE TO PROVIDE
> LEGAL ASSISTANCE PROGRAMS TO THE NUMBERS (20%) OF
> FOREIGN AND SPANISH SPEAKING POPULATION, LEGAL REFERENCE
> MATERIALS AND BOOKS IN NATIVE SPANISH LANGUAGE AS WELL
> AS HARASSMENT, RETALIATIONS, RESTRICTIONS AND
> OBSTRUCTIONS TO LEGAL PROCESS INSIDE FEDERAL PRISON
> SERVING NO LEGITIMATE PURPOSE, CONTRARY TO THE RULE OF
> LAW AND BY DESIGN TO AVOID ACCOUNTABILITY FOR THE
> WRONGFUL PUNISHMENTS AGAINST THE UNEDUCATED, POOR,
> SIMPLE-MINDED AND NAIVE.

(Doc. 5 at 9).

In light of his *pro se* status, the Court liberally construes Petitioner's argument to raise a claim under 28 U.S.C. § 2255(f) (2) -- a government-created impediment. To invoke this section,

---

[2] Although Petitioner dated his section 2255 motion October 25, 2012, he failed to sign it.  (Doc. 2).  The Court directed him to submit a signed amended petition, which he filed on November 14, 2012.  (Doc. 3, 7).  For purpose of this recommendation, the section 2255 motion is deemed filed on October 25, 2012, the earliest possible date on which Petitioner could have handed it to prison officials for mailing.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

a litigant must establish that:  (1) he was prevented from filing a section 2255 motion (2) by government action (3) in violation of the Constitution or federal law.  *See Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254).  In *Egerton*, the Court of Appeals for the Fifth Circuit held that an inadequate law library can constitute a "state-created impediment" such that statutory tolling is warranted in a habeas case under 28 U.S.C. § 2244(d)(1)(B), if it can be shown that the petitioner did not know about the relevant statute of limitations.  *Egerton,* 334 F.3d at 437–38.  However, a habeas petitioner cannot merely show that the law library or legal assistance is inadequate; he must also establish that the inadequacy actually prevented him from timely filing his petition.  *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011).

Here, Petitioner has failed to establish that the inadequacy of the jail law library, failure to provide notice and legal assistance, and limited access actually prevented him from timely filing his motion to vacate.  *Id.* at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing habeas petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).  In addition, while Petitioner claims appellate counsel abandoned him and allegedly failed to notify him of the one-year limitations period, appellate counsel's inaction was not an unconstitutional governmental action.  "The constitutionally secured right to counsel ends when the decision by the appellate court is entered."  *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).  Moreover, Petitioner's pleadings are also silent as to how appellate counsel's deficiencies, if any, prevented him from filing a timely section 2255

motion.  Therefore, Petitioner's allegations are insufficient to raise an issue of a government-created impediment.

Insofar as Petitioner relies on equitable tolling, his argument also fails.  *See Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010) (because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances).  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Petitioner squandered the entire one year period, delaying for 18 months before submitting this section 2255 motion.  His pleadings fail to provide any explanation for his delay, apart from the conclusory assertions of impediment and obstruction noted above.  (Doc. 5 at 9).  Unexplained delays, however, do not evince due diligence or rare and extraordinary circumstances.  "[E]quity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Moreover, "[t]he Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief."  *United States v. Morfin*, No. 3-06-CV-2301-M, 2007 WL 837276, *3 (N.D. Tex.

2007) (order accepting magistrate judge's findings and recommendation and declining to apply equitable tolling).  In fact, a habeas petitioner does not have the right to counsel during post-conviction proceedings.  *See Petty*, 530 F.3d at 366 (holding that "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.")

In addition, neither unfamiliarity with the English language or *pro se* status rise to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See id.* at 365-66 (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the AEDPA statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the legal process, is unrepresented, or is illiterate).  Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not justify equitable tolling.  *Morfin*, 2007 WL 837276, *3 (collecting cases); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that where the alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify equitable tolling); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec. 13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Petty*, 530 F.3d at 365.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED July 15, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE